**STUTZMAN et al. v. UNITED STATES.**

No. 270.

District Court, N. D. Indiana,
Fort Wayne Division.

May 14, 1947.

Rex S. Emerick and Merritt Diggins, both of Kendallville, Ind., for plaintiffs.

James E. Keating, Asst. U. S. Atty., of South Bend, Ind., for the government.

SWYGERT, District Judge.

The Court now on its own motion makes and files the following special findings of fact in the above entitled cause:

Findings of Fact.

1. The Court finds that the plaintiffs Daniel D. Stutzman and Lois J. Stutzman are residents of LaGrange County, Indiana, and in and during the year 1943 were residents of Noble County, Indiana, living and residing during the year 1943 near the City of Ligonier, Noble County, Indiana.

2. The Court further finds that this action arises under the Internal Revenue Laws of the United States of America, to-wit; Section 3772 of the Internal Revenue Code, chapter 37, 26 U.S.C.A. Int.Rev.Code, § 3772, for the recovery of Internal Revenue taxes erroneously and illegally assessed and collected for. the year 1943, and of penalties and interest erroneously and illegally assessed and collected, all of which have heretofore been paid by said plaintiffs.

3. The Court further finds that prior to the 15th day of March, 1944, said plaintiffs filed their Federal income tax return for the year 1943, which income tax return disclosed a tax liability of $371.37, which amount of $371.37 had been paid by said plaintiffs to the Collector of Internal Revenue at the time of filing their said 1943 Federal income tax return.

4. The Court further finds that on the 28th day of September, 1944, M. H. Current, Deputy Internal Revenue Collector, erroneously readjusted the tax liability for said plaintiffs for the year 1943, and at that time then and there determined that said adjusted tax liability was in the sum of $1,082.58; that said Deputy Collector then allowed said plaintiffs a credit on said adjusted tax liability in the sum of $371.37 heretofore paid, making an increase of tax to said plaintiffs in the sum of $711.21, all of which said increase in the tax liability has been paid by said plaintiffs, together with interest thereon in the sum of $29.29.

5. The Court further finds that thereafter on the 22nd day of February, 1945, said plaintiffs .filed a claim for refund on their verified claim on Form 843; that said claim was filed with Will H. Smith, Collector of Internal Revenue for the State of Indiana; that thereafter on the 5th day of

---

July, 1945, said plaintiffs were informed that their said claim for refund would be disallowed.

6. The Court further finds that said plaintiffs, during the year 1943 were tenant farmers on a farm located in Noble County, Indiana; and by the terms of their contract with the landlord, said plaintiffs were required to furnish not less than twenty-five milk cows, together with all necessary farming tools and equipment, and that said plaintiffs, by the terms of said contract, were entitled to receive sixty per cent (60%) of the gross receipts of said farm, and that the landlord was entitled to receive forty per cent (40%) thereof. The Court further finds that in addition to farming said farm for their landlord, said plaintiffs were the owners of fifty-six acres of land, which said fifty-six acres was planted to corn, and that they received no income therefrom for the year 1943. The Court further finds that in December of the year 1943, said plaintiffs' landlord sold the farm and plaintiffs were forced to have a public sale of all livestock, farm implements, tools, etc. The Court further finds that at the public sale, held on December 9, 1943, many of the items sold therein were brought in by neighbors, and that further, the said landlord of said plaintiffs sold items at this public sale for which plaintiffs never received any of the proceeds. The Court further finds that said plaintiffs sold at said public sale some items of household furniture and personal effects, all of which were sold for less than the purchase price, and as such were not reported on the income tax return of plaintiffs for the year 1943.

7. The Court further finds that at said public sale said plaintiffs sold some small farm tools and miscellaneous items used in the operation of the farm, the cost of which had been heretofore deducted by said plaintiffs in prior years. That said small items sold at said public sale and belonging to said plaintiffs were in the total sales price of $132.20, which said small items had been reported by said plaintiffs on an amended return filed with the claim for refund on Form 1040F under Column 3 thereof.

8. The Court further finds that said plaintiffs, at said public sale, sold their entire herd of milk cows, heifers and calves, all of which said heifers and calves, with the exception of three head, were intended by said plaintiffs to be placed in their said dairy herd, and all of which were a part of the dairy herd of said plaintiffs, and as such were capital assets, and that the total receipts derived from the sale of said dairy herd and received by said plaintiffs were in the sum of $6,032.10, that the allowable cost to said plaintiffs for the purchase of said dairy cattle was in the sum of $1,587.-50. That the depreciation allowed or allowable on said dairy herd so sold was in the sum of $198.75. That the gain from the sale of said dairy cattle was in the sum of $4,643.35.

9. The Court further finds that at said public auction said plaintiffs sold three sows and one boar which were held as breeding hogs. That the total receipts from said breeding hogs received by said plaintiffs was in the sum of $100.20. That the cost to said plaintiffs of said breeding hogs was in the sum of $35; that the gain of said plaintiffs on the sale of said breeding hogs was in the amount of $65.20.

10. The Court further finds that said plaintiffs sold at said public auction items of farm machinery owned by said plaintiffs and used by them in the operation of said farm, the total sales price of said farm machinery received by said plaintiffs was in the sum of $3,545.32. That the cost to said plaintiffs of said farm machinery was in the sum of $5,394.10. That the allowable depreciation on said farm machinery was in the amount of $1,643.74. That said farm machinery sold at a loss in the amount of $205.04.

11. The Court further finds that the said dairy cattle, hogs and machinery set forth in findings number 8, 9 and 10 of these findings were all capital assets, and that the gain to be taken into account from the sale of capital assets was in the amount of $2,-251.76. That further, the cost to said plaintiffs of conducting said sale, which costs were in the nature of advertising, auctioneer, clerks and miscellaneous labor in the sum of $449.80, making a net gain to be taken into account in the sum of $2,026.86.

12. The Court further finds that at said public sale the following items of livestock

were sold, which were not capital assets and constituted ordinary farm income, and that the plaintiffs' sixty per cent (60%) of said sales price was as follows: Hogs $147.87; cattle $140. The Court further finds that at said public sale the following items of hay, grain, fodder and straw were also sold, and that the plaintiffs' sixty per cent (60%) of the sales price of said items was as follows: Corn $961.20; wheat $134.94; rye $34.68, making a total sale of grain at said public sale in the sum of $1,130.82. That further, plaintiffs received from the sale of straw at said public sale the amount of $119.28. A further sum of $171 from the sale of hay at said sale, and a further sum of $144 from the sale of fodder at said sale.

13. The Court further finds that said plaintiffs in the year 1943 had ordinary farm income from said farm as follows: Cattle sales in the sum of $386.89, which together with the sale of cattle at the public sale which were not capital assets in the sum of $140 as set forth in finding No. 12 made a total sale of cattle by said plaintiffs in the year 1943 in the sum of $526.89. That further, said plaintiffs sold swine from said farm in the year 1943 in the sum of $795.12, which together with the sale of swine at said public auction not constituting capital assets, as set forth in finding No. 12, in the sum of $147.87, made a total swine sales for the year 1943 for said plaintiffs in the sum of $942.99, which sum, together with the cattle sales of said plaintiffs in the sum of $526.89, as set forth in this finding, made a total (livestock sales) not constituting capital assets, to said plaintiffs for the year 1943, in the sum of $1,469.88.

14. The Court further finds that the said plaintiffs sold wheat during the calendar year 1943 in the total sum of $533.39, which together with plaintiff's grain sales at the public auction as set forth in finding No. 12 in the sum of $1,130.82, made a total grain sales to said plaintiffs for the year 1943 in the sum of $1,664.21. That plaintiffs further received from the sale of dairy products during the year 1943 in the sum of $2,214.88, which dairy receipts, together with the grain sales as set forth in this finding, together with the receipts set forth

in finding No. 12 from hay in the amount of $171, straw in the sum of $119.28, and fodder in the sum of $144, made a total receipt for said plaintiffs from the Sale of Produce Raised in the sum of $4,313.37.

15. The Court further finds that said plaintiffs received agricultural payments in the year 1943 in the sum of $250; which together with the receipts from small items sold at said public sale in the sum of $132.20 as set forth in finding No. 7, made a total receipts of "other farm income" to said plaintiffs in the sum of $382.20.

16. The Court further finds that the farm income for said plaintiffs, exclusive of sales of capital assets at said public auction, for the year 1943, as set forth in findings No. 13, 14 and 15 is in the sum of $6,165.45.

17. The Court further finds that said plaintiffs had ordinary farm "expenses" for the year 1943 in the total sum of $4,618.40, and that further, said plaintiffs had allowable depreciation on buildings, fences, livestock and equipment for the year 1943 in the amount of $849.65, making a total allowable deduction to said plaintiffs in the year 1943 of $5,468.05, which allowable deduction subtracted from the gross income from said farm in the sum of $6,165.45, as set forth in finding No. 16, made a total net profit from said farming operation for said plaintiffs for the year 1943 in the sum of $697.40.

18. The Court further finds that the net profit of plaintiffs' farming operations for the year 1943 in the sum of $697.40 as set forth in finding No. 17, together with the taxable gain from the sale of capital assets in the sum of $2,026.86 as set forth in finding No. 11, made a total taxable income to said plaintiffs for the year 1943 in the sum of $2,724.26.

19. The Court further finds that plaintiffs had charitable donations in the year 1943 in the sum of $5, and that plaintiffs further paid taxes in the year 1943 in the sum of $23.

20. The Court further finds that the total net tax income of plaintiffs is in the amount of $2,696.26, and that the victory

tax net income of said plaintiffs is in the amount of $697.40.

21. The Court further finds that said plaintiffs were liable for no income tax for the year 1942.

Conclusions of Law.

1. That the total income and victory tax for the year 1943 of said plaintiffs was in the amount of $282.30.

2. That the plaintiffs are limited in the amount of their recovery to the difference between the amount of tax paid on the 1943 tax return of said plaintiffs plus the assessment as made by the Deputy Collector, and the amount of tax in the sum of $364.49 as shown by the claim filed by said plaintiffs with the Collector of Internal Revenue for the year 1943.

3. That the plaintiffs are entitled to recover of and from the United States of America on the complaint filed the sum of $747.40, together with interest as provided by law.