**SIR FRANCIS DRAKE HOTEL CO. OF CALIFORNIA v. UNITED STATES.**

No. 25115–S.

District Court, N. D. California, S. D.

Sept. 9, 1947.

Hugh K. McKevitt and Jack M. Howard, both of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

HARRIS, District Judge.

Findings of Fact.

I. That this is a cause of actual controversy of a civil nature arising under a law of the United States providing for internal revenue, to-wit: Section 1700(e) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1700(e).

II. That at all times mentioned in the Complaint, plaintiff has been and now is a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of

business in the City and County of San Francisco.

III. That at all of the times mentioned in said Complaint, the plaintiff has been and now is the owner and operator of a hotel in San Francisco, California, including within said hotel premises the operation of two bars known as "The Persian Bar" and "The Island Bar" for the dispensing of liquors and beverages.

IV. That the duly qualified and acting Collector of Internal Revenue of the United States, for the First District of California, assessed a tax of 5% of 58.25% of the gross receipts derived from said bars during the period from October 1, 1941, to and including October 31, 1942. That said 58.-25% of said gross receipts was determined by said Collector of Internal Revenue to be the percentage of said gross receipts derived from said bars during the time that said Collector claimed a public performance for profit was furnished; that the percentage so used as the taxing base is not an issue. That the amount of said assessment totaled $6,674.47, and said Collector of Internal Revenue asserted the right to assess said tax under the provisions of Section 1700(e) of the Internal Revenue Code, as amended, 26 U.S.C.A. Int.Rev.Code, § 1700 (e). That $6,412.56 of said amount was assessed upon proceeds of the "Persian Bar," and $261.91 of said amount was assessed upon proceeds of the "Island Bar."

V. That thereafter the above named plaintiff filed a claim with the United States Commissioner of Internal Revenue for an abatement of said tax so assessed, upon the ground that said tax was illegally assessed, in that plaintiff did not furnish in said places, or either of them, where said bars were operated, a public performance for profit; that by a notice dated April 27, 1944, said Commissioner of Internal Revenue denied said claim for abatement.

VI. That thereafter and acting under protest, the plaintiff on May 20, 1944, paid to said United States Collector of Internal Revenue the tax so assessed, being the sum of $6,664.47, together with interest thereon in the sum of $801.07; that of said interest $769.03 was upon the assessment relating to the "Persian Bar" and $32.04 upon the assessment relating to the "Island Bar";

that no portion of the taxes so assessed and paid was collected by plaintiff from any guest or patron.

VII. That on or about the 5th day of July, 1944, plaintiff filed with the said United States Commissioner of Internal Revenue a claim for refund, in words and figures as follows:

"Form 843

"To the Commissioner of Internal Revenue:

"Claim for Refund of Tax Illegally Collected

"State of California

"City and County of San Francisco } ss

"Name of taxpayer: Sir Francis Drake Hotel

"Address: Corner of Sutter and Powell Streets San Francisco, California

"The deponent, being duly sworn, according to law, deposes and says that this statement is made in behalf of the taxpayer named, and that the facts given below are true and complete:

"1. District in which return was filed: First California

"2. From October 1, 1941 to May 31, 1943

"3. Character of assessment of tax: Admission or cabaret tax

"4. Amount of tax paid: $11,409.78; date of payment, May 20, 1944

"5. Amount to be refunded: $11,409.78

"6. The time within which this claim may be regularly filed expires under Section 3313 of the Revenue Act on May 20, 1948.

"The deponent verily believes that this claim should be allowed for the following reasons:

"That said amount of tax to be refunded was levied upon receipts prior to November 1, 1942, from the sale of beverages and refreshments at the so-called 'Persian Room Bar' and 'Island Bar' conducted by the undersigned taxpayer in the hotel premises operated by it; that at all times herein mentioned said bars have been located adjacent to a restaurant and cafe known as the 'Persian Room' wherein food and beverages are dispensed and entertainment afforded the guests by an orchestra for guest dancing, vocalists, and danc-

ing; that said bars were separated from the room in which the entertainment is given by low wooden partitions but such entertainment was visible from portions of the service area surrounding said bars; that patrons of the 'Persian Room Bar' and 'Island Bar' were not permitted access to the 'Persian Room' or dance floor therein in the evening; that no charge was made, directly, or indirectly for such entertainment, or included wholly, or in part, or at all in the price of said beverages or refreshment, and no admission, minimum service or other charge was made or added to such price in any guise; that although such entertainment was afforded only at certain periods of the day the prices of food, beverages and refreshments remained constant during all hours and were the same whether the entertainment was available or not, and said entertainment was commensurate with the surroundings and type of accommodations and service supplied by a hotel of the character of this taxpayer for its guests and patrons; that no portion of the taxes sought to be abated have been collected from any guest or patron; that because of such facts the undersigned taxpayer avers that such entertainment did not constitute a public performance for profit within the meaning or intent of the Internal Revenue Code and that the tax which is hereby sought to be refunded was based upon receipts prior to November 1, 1942, and has been illegally collected; that in support of this claim for refund the undersigned taxpayer respectfully refers to the case of Deshler Hotel Co. v. Busey, D.C., 1941, 36 F.Supp. 392; affirmed in Busey v. Deshler Hotel Co., 6 Cir., 1942, 130 F.2d 187, 142 A.L.R. 563.

"Sir Francis Drake Hotel Company of California, a corporation, doing business as Sir Francis Drake Hotel

"By George T. Thompson

"Vice President

"Sworn to and subscribed before me this 5th day of July, 1944.

"(Seal)    Robert H. Rusch

"Notary Public in and for the City and County of San Francisco, State of California,

"My Commission expires May 25, 1948."

That thereafter by notice to plaintiff, dated October 11, 1944, said United States Commissioner of Internal Revenue rejected said claim for refund in full. That of the total sum of $10,540.30, together with interest from May 20, 1944, demanded by plaintiff in this cause, the sum of $3,064.70 was not included in the sum specified in said claim for refund. That no part of said sum of $7475.54 has been repaid to plaintiff.

VIII. That Harold Berliner was the qualified and acting Collector of Internal Revenue in office and who collected the taxes which are the subject of this suit, and said Harold Berliner was not in office as Collector of Internal Revenue on September 14, 1945, and at the time this suit was commenced. That at the time of the commencement of this suit, James Smythe was in office and the qualified and acting Collector of Internal Revenue of the United States in the First District of California.

IX. That during the period October 1, 1941, to and including October 31, 1942, and the time material to this cause, the said "Persian Bar" and "Island Bar" were conducted by the plaintiff in the hotel premises operated by it, as aforesaid. That said bars were located adjacent to a restaurant and cafe known as the "Persian Room", wherein food and beverages were dispensed and entertainment afforded the patrons by an orchestra, vocalists, dance acts, and floor space for dancing by patrons. That floor shows were conducted on said dance floor at intervals during the evening entertainments. That said bars were separated from said "Persian Room", in which such entertainment was furnished, by low wooden partitions, but such entertainment was visible from portions of the service area surrounding said bars. That persons in the "Persian Bar" and "Island Bar" had access through a swinging door in said wooden partition to the "Persian Room" and the dance floor therein from 5:30 p. m. to 7:30 p. m. but did not have such access in the evening or night, after 7:30 p. m.

That no admission charge was made to said "Persian Bar" or said "Island Bar," and no charge was made therein for such entertainment. That the hours of operation of the "Persian Bar" were from 10:00

a. m. to 2:00 a. m.; the "Persian Room" from 11:30 a. m. to 2:00 a. m., and the "Island Bar" from 4:00 p. m. to 2:00 a. m. That the entertainment in said "Persian Room" was afforded only at certain periods of the day and never before 4:30 p. m. That the prices of food, beverages, refreshments, merchandise or service in the "Persian Bar" and "Island Bar" were constant and unchanged during all hours of the day or night, and said prices were the same whether the entertainment was furnished or not while the patron making payment therefor was present. That guests at plaintiff's hotel and members of the public had access and were privileged to be in said "Persian Bar" or said "Island Bar" and could enjoy said entertainment therefrom, as aforesaid without purchase of or payment for any refreshment, beverage, service or merchandise.

That no portion of the taxes assessed, levied and collected, as aforesaid, was collected by plaintiff from any guest or patron.

That no admission charge was made to the "Persian Room" and no charge was made therein for such entertainment, except that during the periods of said entertainment plaintiff collected an additional charge called Federal tax equal to 5% of the price paid for refreshment, food, beverages, merchandise or service, and the amount of such additional charge was paid to defendant through said Collector of Internal Revenue. Except as aforesaid, the prices of food, beverages, refreshments, merchandise or service in the said "Persian Room" were constant and unchanged during all hours of the day or night, and said prices were the same whether the entertainment was furnished or not while the patron making payment therefor was present.

X. That all of the allegations of the further, separate and second cause of action contained in plaintiff's Complaint are true, except the allegations of Paragraphs III and IV, and in this behalf, the Court finds that within two (2) years next, preceding the commencement of plaintiff's suit, the defendant became indebted to plaintiff in the sum of $7475.54, with interest thereon at the legal rate as and

for money had and received by defendant for the use and benefit of plaintiff.

From the foregoing Findings of Fact, the Court makes the following

## Conclusions of Law

I. That the "Persian Bar" and "Island Bar" upon which taxes were assessed and collected were not in fact Roof-Gardens, Cabarets or other similar places of entertainment to which a charge for admission was wholly or in part included in the price paid for refreshment, service or merchandise;

That the amounts paid for admission to said "Persian Bar" or said "Island Bar" did not entitle the patrons of said bars to be present at any public performance or entertainment.

II. That the sum of $7475.54 paid by plaintiff to defendant on May 20, 1944, was erroneously and illegally assessed and collected, and plaintiff is entitled to recover from defendant said sum of $7475.54, together with interest thereon at the legal rate as provided by law, and costs of suit.

Let judgment be entered accordingly.

## Order

Plaintiff seeks a refund of an excise tax paid under protest and claimed by the Government to be due under Section 1700 (e) of the Internal Revenue Code, as amended by Section 542(a) of the Revenue Act of 1941, 26 U.S.C.A. Int.Rev.Code, § 1700(e).

The period for which plaintiff seeks to recover includes the months October 1941 to October 1942. Of the total amount demanded of $10,540.30, together with interest from May 20, 1944, $3,064.76 was not included in the sum specified in the claim for refund.

■ The interpretation of the act in dispute has been made in Busey v. Deshler Hotel Co., 6 Cir., 130 F.2d 187, 142 A.L.R. 563, and Schuster's Wholesale Produce Co. case, (Schuster's Wholesale Produce Co. v. United States) D.C., 49 F.Supp. 909. The latter case which construes the precise language questioned by the defendant, ruled that an operation such as plaintiff's was not governed by the statute. Such ruling in

672

view of the facts in the instant case is controlling.

■ With respect to the item of $3,064.76, plaintiff has failed to comply with the procedure outlined in Section 3772 of the Internal Revenue Act, 26 U.S.C.A. Int.Rev.Code, § 3772, whereby it is a condition precedent to the maintenance of the suit that plaintiff shall have filed a claim for refund or credit. See Rock Island, A. & L. Railroad Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188, and R. J. Reynolds Tobacco Co. v. Robertson, 4 Cir., 80 F.2d 966.

Accordingly, it is ordered that plaintiff recover judgment in the sum of $7,475.54, with interest at 6% per annum from May 20, 1944. Findings of Fact and Conclusions of Law are to be prepared in accordance with the foregoing.