## AUSTIN NAT. BANK v. SCOFIELD, Collector of Internal Revenue.

### Civ. A. No. 396.

United States District Court
W. D. Texas, Austin Division.

Aug. 2, 1948.

Ireland Graves, J. Chrys Dougherty, Austin, Tex., for plaintiff.

H. W. Moursund, United States Attorney, San Antonio, Tex., for defendant.

RICE, Chief Judge.

This cause came on for trial, and the court, having heard and considered the evidence, finds the facts and states the conclusions of law as follows:

### Findings of Fact.

1. Plaintiff, The Austin National Bank of Austin, Travis County, Texas, a national banking association, holding and possessing trust powers, is the duly qualified and acting administrator of the estate of Victoria E. Dillard, deceased, and is also the duly qualified and acting trustee of the Victoria E. Dillard Trust.

2. Defendant, Frank Scofield of Austin, Travis County, Texas, is now and at all times pertinent hereto was the Collector of Internal Revenue for the First Collection District of Texas.

3. On December 17, 1941, Victoria E. Dillard, a widow, then a resident of Austin, Travis County, Texas, conveyed to plaintiff as trustee certain lands, tenements, oil royalties, and other real property situated in the counties of Travis, Lampasas, and Nueces in the State of Texas, and in the counties of Carter and Jefferson in the state of Oklahoma. The trust indenture (conveyance in trust) was duly recorded on December 23, 1941, in the office of the County Clerk of Travis County, Texas, in Book No. 683, pages 490-497, of the Deed Records of Travis County, Texas, and was likewise recorded in each of the counties above mentioned. Said trust was and is to expire by its own terms ten years from the date thereof, or at the date of the death of the last survivor of the beneficiaries named therein, whichever date should first occur; provided that one-tenth of said trust estate was to be held in trust for the benefit of Wm. Guy Dillard for his life, and upon his death and after the expiration of the ten-year period, said one-tenth interest was and is to pass to the children of the said Wm. Guy Dillard.

4. Plaintiff accepted said trust, entered into possession and management of said property, and at all times since has been discharging its duties as trustee of said estate, and is now the trustee thereof. Said trust was and is an irrevocable trust.

5. Upon the consummation of the gift evidenced by said trust instrument, plaintiff and Victoria E. Dillard duly prepared and filed a gift tax return and paid all gift taxes shown to be due thereunder to the Federal Government. Thereafter said gift tax return was duly audited, additional gift taxes were imposed and were duly paid. Said gift was fully and finally consummated and all taxes accruing by reason thereof were fully paid.

6. Victoria E. Dillard died, intestate, in Travis County, Texas, on November 21, 1943, and plaintiff was appointed administrator of her estate by the County Court of Travis County, Texas, sitting in matters of probate, on the 28th day of January, A. D. 1944. It thereafter duly qualified as

such and since said time has been and now is the duly appointed, qualified and acting administrator of said estate. Acting as such it prepared and filed with the Collector of Internal Revenue an estate tax return within the time and in the manner required by the Revenue Laws of the United States. Said estate tax return as originally filed showed no estate tax to be due. Thereafter an audit was made by the Commissioner of Internal Revenue and an additional tax was determined by him and claimed to be due, amounting to $31,566.70, plus interest amounting to $2,556.56.

7. Thereafter the Commissioner of Internal Revenue issued all requisite notices necessary for the assessing of such additional tax; he assessed the same and duly certified it to Frank Scofield, Collector of Internal Revenue for the First Collection District of Texas, for collection. On the 5th day of January, A. D. 1946, the Collector, acting under color of his office and acting under the direction of the Commissioner of Internal Revenue, made demand upon plaintiff for the payment of such additional tax and interest. Plaintiff, duly certified the foregoing facts to the County Court of Travis County, Texas, for instruction. Said Court by order duly made and entered on the 14th day of June, A. D. 1946, ordered an instructed plaintiff to pay said additional tax and interest under protest, to file a claim for the refund thereof, and in the event of a denial of said claim, to institute suit against defendant for recovery thereof. Thereafter, pursuant to these instructions plaintiff paid said taxes under protest as follows: $29,705.21 principal, and $2,349.96 interest on June 20, 1946; and $1,861.49 principal, and $206.60 interest on April 11, 1947.

8. On June 27, 1947, plaintiff duly filed with the United States Collector of Internal Revenue for the First Collection District of Texas a claim for refund of $33,782.81 and interest at the rate of six (6) per centum from respective dates of payment. The claim so filed was made on the form prescribed by the Treasury Department (Form 843) and it set forth in detail and under oath the matters required by applicable provisions of law and by the regulations of the Secretary of the Treasury established in pursuance thereof (including the grounds relied upon by plaintiff in this action). This claim for refund, after having been duly considered was disallowable by the Commissioner of Internal Revenue and rejected in its entirety, as per his notice thereof which was duly mailed by registered mail by the Commissioner to the plaintiff on September 29, 1947. The complaint in this action was filed January 13, 1948.

9. The tax liability as computed by the Commissioner and subsequently collected by the defendant as Collector was illegal and erroneous in the following particulars:

(1) Item 14 of Schedule A (Real Estate) was no part of the property and estate of Victoria E. Dillard, deceased. It is composed of 46 x 128 feet off the West side of the SE¼ of Outlot 41, Division "E", in the City of Austin, Travis County, Texas. Although the record title to this property was in the name of Victoria E. Dillard at her death, she did not own it. At the time the property was conveyed to her by her son, Kermit C. Dillard, she had agreed to hold it in trust for him, and it was so held in trust by her for him at her death, and her estate had no interest therein. The Commissioner of Internal Revenue in determining such additional tax placed a valuation thereon of $5,500.00 and used said figure in computing such determination and assessment, and to such extent said determination and subsequent assessment were illegal.

(2) The Commissioner of Internal Revenue in determining and assessing said tax further included 17 pieces of real property, under Schedule G, relating to transfers by the decedent. All and each of these tracts of land were conveyed to plaintiff as trustee, as found in Finding of Fact No. 2 above. The Commissioner valued said property at the aggregate value of $155,271.00, using this figure and value in computing and assessing the tax so collected. This property was not the property of Victoria E. Dillard at the time of her death and does not constitute any part of her estate, since, although the gift was made in trust and within two years prior to her death, it was not actuated by thought of death on her part, but was made for life purposes; that is, for the purpose of adequately providing at that time for her children, of relieving her dur-

ing her lifetime of the responsibility and burden thereby shifted to the trustee, to prevent jealousy and discord between her children, and under the belief that the trust would have the effect of prolonging her life. Thus Mrs. Dillard was induced to create the trust by a desire to make life more bearable. Her moving consideration was her peace and comfort of mind during her life; not a desire to control disposition of her property after death or to use the trust as a substitute for a will. Her dominant motive was a life motive. The gift in trust was not made in contemplation of death.

10. Items 12 and 13 of Schedule A of the estate tax return were properly included by the Commissioner of Internal Revenue:

(a) Item 12 is a tract of land, eight lots, in the City of Ardmore, Oklahoma, title to which was held by Victoria E. Dillard at her death. They adjoin the property on which her son, Douglas Dillard, resided; and plaintiff contends that she held them under a parol trust for Douglas Dillard. The lots were purchased and paid for by Mrs. Dillard with her money, and the evidence is insufficient to establish either a valid parol trust or parol gift to her son. The Commissioner of Internal Revenue valued the lots at $400.00, and properly used that sum in computing and determining the additional tax assessment.

(b) Item No. 13 is composed of an undivided ⅛₄th interest in and to all of the oil and other minerals under certain lands (310 acres) situated in Carter County, Oklahoma, more particularly described in the estate tax return and in paragraph 9b of the complaint. The record title to this interest was in the name of Victoria E. Dillard at her death. The evidence was insufficient to establish the allegations of the complaint by which plaintiff contends that this property was impressed with a valid trust for Wm. Guy Dillard. The Commissioner of Internal Revenue in determining such additional tax placed a valuation thereon in the sum of $1,126.50, and properly used that sum in computing such determination and assessment.

11. In paragraph 8 of its complaint, plaintiff presented a schedule showing a comparison between the estate (a) as returned by plaintiff, (b) as determined by the Commissioner of Internal Revenue (on the basis of which the assessment and collection were made), and (c) as corrected and determined by plaintiff to show the net taxable estate as admitted by plaintiff. The net taxable estate as thus determined and admitted by plaintiff was $5,272.07. To this should be added $1,526.50 ($400.00 for item 12 and $1,126.50 for item 13 as stated in finding No. 10 above), making a total net taxable estate of $6,798.57. At the applicable rate ($150.00 plus 7% of the excess over $5,000.00) the correct estate tax liability was $275.90, with interest. Accordingly plaintiff would be entitled to a refund of the amount paid ($34,123.26) less $275.90, or to $33,847.36, with interest. The plaintiff, however (due to an obvious mathematical error in computing the tax on the admitted net estate of $5,272.07), filed a claim for refund in the sum of only $33,782.81, with interest. But in its claim for refund plaintiff admitted that it owed a tax of $340.45. While this was due to an error in computation, plaintiff did not, in the claim for refund, complain of or point out such error. In the tax paid on June 20, 1946, the plaintiff included the taxes and interest on items 12 and 13 above. This amount was $106.85 and $8.55 interest. Besides, if plaintiff owed a tax of $340.45 (as then admitted), interest on that amount was also due to date of the deficiency assessment. This was $27.24. Hence, if the recovery is limited to the claim for refund, less the taxes on items 12 and 13, this reduces the recovery to $31,572.08 ($31,714.72 minus $142.64) with interest from June 20, 1946; thus $2,068.08 with interest from April 11, 1947.

### Conclusions of Law.

1. The court has jurisdiction of the subject matter and of the parties.

 2. The property irrevocably transferred by the decedent to the plaintiff as trustee and held by it in the Victoria E. Dillard Trust was not so transferred by her in contemplation of death, within the meaning of Section 811(c) of the Internal Rev-

enue Code, 26 U.S.C.A. § 811(c). Consequently no part of such property is properly includable in the gross taxable estate of Victoria E. Dillard, deceased.

3. The property described in paragraph 9(2)c of the Complaint (item 14 of Schedule A of the return) located in the City of Austin, Travis County, Texas, the record title to which was held in the name of Victoria E. Dillard at her death was held by her under a valid parol trust for the benefit of her son, Kermit C. Dillard, and was not the property of the decedent at her death. No part of such property is properly includable in the gross taxable estate of Victoria E. Dillard, deceased, under Section 811(a) of the Internal Revenue Code.

4. The items of property described in paragraph 9(2) a and b of the complaint (items 12 and 13 of Schedule A of the return) are properly includable in the gross taxable estate of Victoria E. Dillard, deceased, under Section 811(a) of the Internal Revenue Code.

5. The action of the Commissioner of Internal Revenue in assessing a deficiency in estate taxes and the action of the defendant in collecting from plaintiff $29,257.91, plus interest of $2,314.17 on June 20, 1946, and in so collecting $1,861.49 plus interest of $206.60 on April 11, 1947, was contrary to law, and the plaintiff is entitled to recover said amounts with interest at 6% from June 20, 1946, and April 11, 1947, respectively, together with its costs of action.

6. In view of the facts stated in Finding of Fact No. 11, above, even if plaintiff were permitted to amend its complaint so as to correct an obvious error in computation, it is limited by the amount of its claim for refund, and the grounds stated therein. Consequently, plaintiff is entitled to recover $33,640.16 with interest on $31,572.08 thereof from June 20, 1946, and on $2,068.08 thereof from April 11, 1947.

7. Plaintiff is further entitled to a certificate of reasonable and probable cause as provided in Title 28, Sec. 842 [now § 2006], U.S.C., since defendant, in demanding and collecting the above amounts, acted under the direction of the Commissioner of Internal Revenue.