The **FIRST NATIONAL BANK & TRUST COMPANY OF CHICKASHA,**
Plaintiff,

v.

The **UNITED STATES** of America,
Defendant.

Civ. No. 70–389.

United States District Court,
W. D. Oklahoma, C. D.

June 29, 1971.

Gene A. Castleberry, J. Eben Hart, Robert E. Shelton, Oklahoma City, Okl., Robert B. Park, Chickasha, Okl., for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., William R. Burkett, U. S. Atty., Oklahoma City, Okl., Ben A. Douglas, Eugene G. Sayre, Washington, D. C., for defendant.

MEMORANDUM OPINION

DAUGHERTY, District Judge.

Taxpayer, the First National Bank & Trust Company of Chickasha, Oklahoma, seeks refund of income taxes assessed and paid by reason of the disallowance of a claimed loss arising from the demolition of a building acquired by it. The parties have stipulated to certain facts

in the case and have submitted the same to the Court for decision based thereon.

Taxpayer, by a Contract for Sale of Real Estate, purchased the property in question on May 17, 1965. The purpose of the Taxpayer in acquiring the property was to expand the bank's facilities and on the date of purchase, it was the Taxpayer's intention to demolish only a small shed at the rear of the building which interfered with a proposed driveway. Taxpayer intended to remodel the rest of the building, using a portion of it in its business and leasing the other portion to others. Although Taxpayer did not take immediate possession, the shed was immediately demolished. A little over a year later, on August 1, 1966, Taxpayer took possession of the building and demolished it in its entirety.

On its 1966 income tax return, Taxpayer claimed about half of the cost or purchase price it allocated to the building as a demolition loss. The remaining portion of the allocated building cost was capitalized and a depreciation deduction claimed therefor. On audit, the Internal Revenue Service disallowed both the demolition deduction and the depreciation taken on the capitalized portion. After exhaustion of administrative remedies and after this suit was filed, Taxpayer found several errors in its computations in the course of discovery proceedings. First, it found that there was no rational basis for not claiming a demolition loss deduction of the capitalized portion of the building originally intended for use as its own office space. Second, it found that it had not allocated a proper value to the underlying real estate and that it had overvalued the building. The net result was to claim a larger demolition loss deduction based on a new cost allocated to the whole building. Taxpayer subsequently filed a new and larger claim for refund based on a demolition loss attributable to the entire building. This claim was rejected by the Internal Revenue Service and was presented herein by way of amended complaint.

■ Before this case was submitted to the Court for decision, the parties filed motions for summary judgment going to the issue of when Taxpayer purchased the building. By Order dated January 7, 1971, the Court determined that Taxpayer purchased the property as of the date of the signing of the Contract for Sale of Real Estate, relying on Almac's Inc., 61,013, P-H Memo TC. The Court did not draw any conclusion as to when the Taxpayer formed its intent to demolish the building, but the parties have now stipulated that Taxpayer did not intend to demolish any part of the building on the date of the Contract for Sale of Real Estate except the small shed to which the Court has previously adverted. As a result, there is no dispute with respect to Taxpayer's right to recover the amount originally claimed by it as a demolition loss, except insofar as the Defendant contests the legal validity of the Court's ruling with respect to the date of purchase. However, in accordance with the Court's ruling that Taxpayer purchased the building on the date it signed the Contract for Sale of Real Estate and the parties' stipulation that on that date Taxpayer had no intention of demolishing the building, Taxpayer is entitled to recover at least the income tax deficiency assessed on the disallowance of the demolition loss originally claimed. 26 U.S.C.A. § 165(a) and Regulation § 1.165–3(b).

■ The remaining issue in this case is whether Taxpayer's original claim for refund may be increased after the same has been considered and rejected by the Internal Revenue Service. Income tax refund claims are subject to limitations based on time and on the ground for which the refund is sought. A claim for refund must be presented within three years after the date when a return should have been filed or within two years after the tax is paid, whichever is later. If a claim for refund is presented within the three year period after the return should have been filed, the amount refundable is limited to the income tax paid during that period. If a claim for refund is presented after the three year period has expired, the amount refundable is limited

to the income taxes paid during the immediately preceding two years. 26 U.S. C.A. § 6511. The grounds on which a claim for refund is based may not be expanded to include new and different theories of recovery once the Internal Revenue Service has acted upon the claim or the time for its action has expired; this limitation is jurisdictional and the Court may not consider any grounds urged in support of refund, even though valid, which were not first presented to the Internal Revenue Service. 26 C.F.R. § 301.6402–2; Herrington v. United States, 416 F.2d 1029 (Tenth Cir. 1969).

Taxpayer filed its first claim for refund on January 29, 1970, less than three years after its 1966 income tax return was due. During that three year period, Taxpayer paid income taxes of $35,851.53 based on its original 1966 return and $14,337.13 additional for that year based on the deficiencies assessed by Internal Revenue Service agents on said 1966 return. The refund claimed amounted to $11,780.64, " * * * or such other and greater amount as may be legally refundable, plus interest." On March 1, 1971, Taxpayer filed its second claim for refund. This claim was outside the three year limitation, but within two years of the time when its deficiency assessment of $14,337.13 was paid which was October 29, 1969. Refund was claimed in the amount of said deficiency, " * * * or such other and greater amount as may be legally refundable, plus interest." This second claim was denied and Taxpayer then filed a Second Amended Complaint herein seeking refund of $18,-432.00. This last figure represents the amount of income tax which would have been refundable to the Taxpayer had it valued the building as stipulated and claimed such value as a demolition loss deduction on its 1966 return.

Defendant contends that the change in valuation of the building, which necessarily changes the amount of the deduction, is a change in the grounds asserted in support of the refund. There is some support for the proposition that the relief obtainable in this Court is limited by the monetary amount of the Txapayer's claim for refund before the Internal Revenue Service. See Austin Nat. Bank v. Scofield, 84 F.Supp. 483 (D.C.Tex. 1948); Sir Francis Drake Hotel Co. of Cal. v. United States, 75 F.Supp. 668 (D.C.Cal.1947); Stutzman v. United States, 72 F.Supp. 879 (D.C.Ind.1947). But there is authority to the contrary. Red River Lumber Co. v. United States, 139 F.Supp. 149, 134 Ct.Cl. 444 (1956), and see dictum in Union Pacific Railroad Company v. United States, 389 F.2d 437, at page 446, 182 Ct.Cl. 103 (Ct.Cl.1968).

█ The ground urged by Taxpayer since the beginning has not changed. Taxpayer's ground for refund is that it did not have any intent to demolish the building when it purchased it. Regardless of the value of the building, this is the ground advanced to support the deduction of the demolition loss. The value of the building is but one of the evidentiary facts which establish the amount of the deduction, and not any right thereto. As a general proposition, then, the Taxpayer should not be limited to any particular amount of refund which may be determinable from the facts advanced in support of the ground for or legal right to the deduction.

The Taxpayer presented a proper claim for refund within three years after it had filed its 1966 income tax return and the greatest amount of income tax claimed herein, $18,432.00, is far less than the amount of income taxes paid by Taxpayer relating to 1966 in the three preceding years. The ground upon which the $18,-432.00 is recoverable is precisely the same as the ground presented in Taxpayer's first claim for refund. The claim itself included language which indicated that the amount sought was not exact, but encompassed "such other and greater amount as may be legally refundable." Taxpayer could have requested refund of the entire 1966 income tax paid under 26 U.S.C.A. § 6511. Taxpayer is therefore entitled to the refund prayed for in its Second Amended Complaint, assuming such amounts to be mathematically correct.

Counsel for Plaintiff is requested to prepare a judgment in accordance with this Memorandum Opinion, present the same to opposing counsel for approval as to form only, and submit the same to the Court within fifteen (15) days of the date hereof.