**OTT v. THURSTON et al.**
**No. 7570.**

Circuit Court of Appeals, Ninth Circuit.
March 25, 1935.

Daniel M. Hunsaker and F. D. R. Moote, both of Los Angeles, Cal., for appellant.

Meserve, Mumper, Hughes & Robertson and Baldwin Robertson, all of Los Angeles, Cal. (William Larrabee, of Los Angeles, Cal., of counsel), for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

GARRECHT, Circuit Judge.

This case involves an appeal from an order of the District Court confirming referee's report and overruling and denying this appellant's petition for review.

The referee's report, which was confirmed and which the District Court refused to review, arose in the matter of Joseph S. Thurston, a bankrupt, and concerned the verified claim by one S. A. Ratliff which was allowed and approved at the first meeting of the creditors, at which a trustee was elected, and was used to vote and was voted for the successful candidate at such election.

The Ratliff claim was for the sum of $5,000, founded on the promissory note of Joseph S. Thurston.

More than a year after the said claim had been formally approved and allowed, the bankrupt, Joseph S. Thurston, and Marie H. Thurston, his wife, petitioned for an order allowing reconsideration of the claim and objecting to the allowance of the same. Before the application for an order of reconsideration and objections to the claim, it had been sold by the said Ratliff to appellant, Adolphus Ott.

The petition of the bankrupt and his wife alleged that they did not learn until July 17, 1931, of the approval of the claim on April 29, 1930, and further alleged various facts to substantiate their allegations that the promissory note in question was issued by the bankrupt and his wife to Ratliff by reason of misrepresentations made to them by him or his agents; and that

no consideration had been received therefor. The appellant denied and placed in issue all of the allegations of plaintiff's complaint, except that he had purchased said claim of Ratliff after the same had been approved and allowed. He further alleged that the bankrupt and the trustee were estopped from maintaining that the claim was invalid; that the alleged misrepresentations, if any were proved, were immaterial; and that the bankrupt, or his wife, upon learning of such misrepresentations had failed to promptly rescind the transaction.

Upon these issues the matter was tried before the referee. The referee held that the stock for which the bankrupt gave the note was never delivered to him or to any one on his behalf; that the bankrupt received nothing on account of the promissory note; that misrepresentations had been made to the bankrupt, whereby he was induced to deliver the note in purchase of the stock thereafter to be delivered; that no permit had been secured for the sale of such stock in California; and that the method of the sale pursued was a device conceived and used by the said S. A. Ratliff and Pacific Copper Company, in which the stock had been purchased, to avoid and circumvent the provisions of the Corporate Securities Act of the State of California (St. Cal. 1917, p. 673, as amended). The referee also found that the allegations of the special defenses involving estoppel and laches were not true.

The hardship entailed upon appellant Ott by the decision is urged with all possible vigor. He testified that he paid $4,000 cash to Ratliff for the assignment of his $5,000 claim against the bankrupt, upon the representation, so he claims, made by Beyer, the trustee, that this Ratliff claim "was absolutely good, and there were ample assets in real estate to pay all the liabilities of the bankrupt."

██ Even if the trustee had made such representations, appellant nevertheless purchased the claim subject to all defenses which might be urged against it. Appellant took the note in question long after maturity, long after default in interest payments, and he paid for the same a sum less than the face thereof.

██ The rule is stated in 19 Cal. Jur. at page 861, as follows: "It is expressly provided by the code that, to constitute one a holder in due course, he must have become the holder of the instrument 'before it was overdue, and without notice that it had been previously dishonored, if such was the fact'. One who takes an instrument after maturity, therefore, stands in no better position than the assignee of any other chose in action; he stands in the shoes of his transferor and cannot recover if the prior holder could not have recovered. As is stated in another section, the maker of a note, when sued by an indorsee taking after maturity, may prove anything in defense which goes to destroy or satisfy the note, such as fraud, mistake, want or failure of consideration, release, payment and the like."

The bankrupt, Thurston, had at all times asserted to the trustee that he did not owe the note and continually objected to its payment.

██ Another error stressed by appellant is that the judge of the District Court erred in holding that where the evidence introduced before the referee in bankruptcy was conflicting, he was not at liberty to disregard the referee's findings. In that connection, the District Court stated in its opinion: "The evidence was at least conflicting, the District Court is not at liberty to disregard the Referee's finding for they find sufficient support in the evidence." The court was here expressing the general rule of practice on review or appeal.

"It is the recognized rule of the federal courts—and especially in matters of bankruptcy—that on review of the decision of a referee, based upon his conclusions on questions of fact, the court will not reverse his findings unless the same are so manifestly erroneous as to invoke the sense of justice of the court." In re Stout, 109 F. 794 (D. C. Mo.). See, also, In re Noyes Bros., 127 F. 286 (C. C. A. 1).

██ As stated in O'Brien's Manual of Federal Appellate Procedure (1934 Cum. Supp., p. 63): "The Court of Appeals for the Ninth Circuit, quotes with approval the language of Remington on Bankruptcy, footnote to Sec. 3871, 4th Ed., Vol. 8, p. 227: 'And it is especially true that the reviewing courts will not disturb findings of fact except for manifest error, where both the referee and the district judge have coincided.' And the findings of a chancellor, based on testimony taken in open court, are presumptively correct and will not be disturbed on appeal, save for obvious error of law or serious mistake of fact." Neece v. Durst, 61 F.(2d) 591, 593 (C. C. A. 9); Swift v. Higgins, 72 F.(2d) 791,

796 (C. C. A. 9); Exchange Nat. Bank v. Meikle, 61 F.(2d) 176, 179 (C. C. A. 9).

■ The briefs for the respective parties are mostly taken up by lengthy discussions of the evidence. It would serve no good purpose to restate the disputed evidence or dwell at any length upon these arguments. The referee expressly found that there was no consideration for the note and that it had been procured by means of false representations and through fraud. Inferentially, at least, these findings are sustained by the District Court, where the judgment of the referee was affirmed. The questions of fact having been passed upon by the referee and the District Court, they cannot be disturbed here upon appeal unless the findings are clearly and unmistakably erroneous. After having read the record and the arguments of the parties in their briefs, we cannot say that the lower court reached an erroneous conclusion.

The order of the District Court is affirmed.