**ROGERS v. STUART, Collector of Internal Revenue.**

**Civil Action No. 292.**

United States District Court
D. Arizona.

Nov. 19, 1945.

Action by George Z. Rogers against W. P. Stuart, collector of Internal Revenue, to recover cabaret admission taxes paid.

Judgment for plaintiff in accordance with the opinion.

Norman S. Herring, of Douglas, Ariz., for plaintiff.

John P. Dougherty, Asst. U. S. Atty., of Tucson, Ariz. (now deceased), for defendant.

SAMES, District Judge.

This cause having been submitted to this Court on a stipulation of facts, both plaintiff and defendant having filed motion for summary judgment based on the pleadings, record and stipulation of facts, the matter having been argued at length by counsel in open court and memoranda of authorities having been submitted to the Court for its consideration, the Court having fully considered the matter finds:

1. That George Z. Rogers, the plaintiff herein, was during the years 1941 and 1942 engaged in the business of operating a business for the dispensing of spirituous liquors, wine and beer in an establishment about one mile west of the city limits of the City of Douglas in Cochise County, Arizona.

2. That during the time involved in this action the defendant, W. P. Stuart, was and now is the Collector of Internal Revenue for the District of Arizona, with his principal office in Phoenix, Arizona.

3. That during the year 1942 the plaintiff, doing business in the manner as above set out under the name and style of the "Palm Grove," served refreshments and drinks to a large number of customers in his place of business. This business was conducted in one large room approximately forty (40) feet wide and sixty (60) feet long with a bar for serving liquors and soft drinks at one end and an open dance floor in the center of the room. This dance floor was approximately twenty (20) feet wide and thirty-five (35) feet long and was surrounded by tables and booths. Dancing was allowed on this dance floor, the music being furnished by a "nickelodeon" or "juke box" which furnished mechanical music in return for the customers' coins deposited in said machine. The dancing allowed was merely for the patrons themselves and consisted of ballroom dancing. No other type of amusement or entertainment was provided by the plaintiff during the period in question. No admission was charged by the plaintiff to his place of business; there was no minimum or cover charge collected at any time; the prices charged for food and drink were not increased during any period in which the establishment was open for business whether or not dancing was allowed.

4. During the period beginning February 1, 1942, and ending November 30, 1942,

the defendant assessed against and collected from the plaintiff cabaret admission taxes under the provisions of Section 1700(e) of the Internal Revenue Code, as amended by Section 542(a) of the Revenue Act of 1941. The amounts so collected in each calendar month during the period as above described are as follows:

| | |
|---|---:|
| February, 1942 | $  48.07 |
| March, 1942 | 55.50 |
| April, 1942 | 64.72 |
| May, 1942 | 57.60 |
| June, 1942 | 87.55 |
| July, 1942 | 113.67 |
| August, 1942 | 142.20 |
| September, 1942 | 145.80 |
| October, 1942 | 159.42 |
| November, 1942 | 151.00 |
| Total | $1025.53 |

Said taxes so collected and paid being based upon five (5%) per cent of the gross receipts during the period music was furnished for dancing. This tax was erroneously paid by the plaintiff and collected by the defendant under the theory that dancing privileges to mechanical music allowed the patrons amounted to a "public performance for profit."

5. The plaintiff has duly filed with the defendant a claim for refund of the taxes paid, as aforesaid, which claim was on March 15, 1945, duly refused and rejected by the defendant.

## II.

The Internal Revenue Code, Section 1700(e), as amended by Section 542(a) of the Revenue Act of 1941, was amended in the month of October, 1942. 26 U.S.C.A. § 1700(e). This Act became a law on October 21, 1942, and by its terms went into operation on the first day of the first month which began more than ten (10) days from the date the Act became effective.

### Conclusions of Law

This Court, therefore, concludes that the furnishing of dancing privileges by the owner of an establishment serving food, soft drinks, liquor, wine or beer, such dancing privileges being permitted to mechanical music alone, does not amount to a "performance for profit" under Section 1700(e)

of the Internal Revenue Act, as amended by Section 542(a) of the Act of 1941, and the Court, therefore, concludes that the tax paid by the plaintiff to the defendant under the terms of the Revenue Act in existence during the period in which the tax was paid, beginning with February 1, 1942, and ending October 31, 1942, was erroneously paid by the plaintiff and collected by the defendant.

This Court further concludes that the Revenue Act, Section 1700(e), as amended by the Internal Revenue Laws of 1942, became effective on November 1, 1942, and that, therefore, the plaintiff is not entitled to recover taxes erroneously paid and collected during the month of November, 1942; and it is, therefore, the conclusion of this Court that the plaintiff should have judgment against the defendant in the total amount of Eight Hundred Seventy Four and 53/100 ($874.53) Dollars with interest thereon as provided by law from the 14th day of October, 1944, until paid.