## McKENZIE v. MALONEY.
### Civ. No. 3086.

District Court, D. Oregon.
Nov. 20, 1946.

William H. Hedlund and Arthur S. Vosburg, both of Portland, Or., for plaintiff.

Henry L. Hess, U. S. Atty., of Portland, Or., and Thomas R. Winter, Sp. Asst. U. S. Atty., of Seattle, Wash., for defendant.

McCOLLOCH, District Judge.

The above entitled action came on regularly for trial, after opening statements by counsel, witnesses were sworn and tes-

tified on behalf of plaintiff and on behalf of defendant, and the court having heard the evidence and closing arguments of the attorneys, took the same under advisement, and now being fully advised in the premises, makes the following

### Findings of Fact.

I. This action is brought and this court has jurisdiction under paragraph (5) of section 24 of the Act of March 3, 1911, 36 Stat. 1092, as amended, 28 U.S.C.A. § 41 (5), to recover moneys illegally, excessively and erroneously assessed as cabaret taxes and collected from plaintiff by defendant as Collector of Internal Revenue for the District of Oregon.

II. At all times during the period for which defendant assessed and collected taxes as set forth hereinafter, plaintiff was an individual doing business as Mac's Broiler in the City of Portland, State of Oregon. That during all the times herein concerned defendant was and is the duly appointed, qualified and acting Collector of Internal Revenue for the District of Oregon.

III. On or about the 9th day of May, 1945, defendant demanded of plaintiff the sum of $1,326.70 on account of cabaret admission taxes assessed by defendant on plaintiff for the period commencing December 1942 through the period ending August 1944.

IV. Plaintiff paid to defendant the sum of $1,326.70 on account of said assessment on the 19th day of May, 1945, and thereafter filed claims for refund thereof, together with interest thereon as provided by the Internal Revenue Code and the regulations promulgated thereunder. The said claim for refund was denied by the Commissioner of Internal Revenue by registered letter mailed to the plaintiff on the 23d day of November, 1945.

V. During all times for which the assessment was made by defendant against plaintiff, plaintiff operated a room in which refreshment, service, and merchandise was sold, and said room was entirely separate from the room in which entertainment and dancing were furnished. Between such separate room and the room in which entertainment and dancing were furnished there was a door in the wall or partition separating the two rooms which remained closed during the period of the entertainment except when persons passed from one room to the other. During said period and for short intervals of time one or two persons in certain positions in the room were enabled, with effort, to obtain fleeting glances of one or two couples dancing past the door on the inside of the entertainment room, but could not obtain any view of the orchestra or any other entertainment going on in the entertainment room. The witnessing by fleeting glances of one or two couples dancing past the door was not substantial but was momentary and not within the purview of the regulations covering the payment of cabaret taxes. The door between the entertainment room and the restaurant was kept closed during the entertainment period except for the passage of persons from one room to the other, and the door was opened solely for the convenience of waitresses serving the patrons in the entertainment room and for patrons desiring admission to the entertainment room upon payment of entrance charge, together with cabaret tax thereon.

VI. The patrons of the separate room during the time aforementioned did not visit such separate room for the purpose of witnessing entertainment in the entertainment room but were there for the purpose of obtaining food and drink and other merchandise. The only entertainment for such persons visiting the separate room was furnished by a nickel music machine which was in operation a substantial portion of the time.

VII. The assessment of the tax on the operation of the room which was entirely separate from the room in which entertainment was furnished was not within the purview of the provisions of the Revenue Act pertaining to cabaret taxes and the regulations promulgated thereunder, and the assessment of the tax which is in controversy herein was based on the operation of the room which was entirely separate from the room in which entertainment was furnished.

And the Court concludes:

### Conclusions of Law.

I. This court has jurisdiction of the controversy herein.

II. The operation by plaintiff of the restaurant in a room separate from the room in which entertainment was furnished during the period between December 1942 and August 1944 was not subject to the cabaret tax under the law and regulations pertaining thereto.

III. The assessment and collection of the cabaret tax on the separate room in the sum of $1326.70 was illegal, excessive, and erroneous, and not within the purview of the internal revenue laws of the United States.

IV. Plaintiff is entitled to judgment against defendant in the sum of $1326.70, together with interest thereon at the rate of 6% per annum from the 19th day of May, 1945, together with his costs and disbursements incurred herein.