## AVALON AMUSEMENT CORPORATION v. UNITED STATES.

Civ. No. 474.

District Court, W. D. Wisconsin.
July 5, 1947.

T. H. Skemp of Hale, Skemp & Nietsch, of La Crosse, Wis., for plaintiff.

Charles H. Cashin, U. S. Atty. for the Western District of Wisconsin, of Madison, Wis., for defendant.

STONE, District Judge.

The above entitled action having been tried before the Court, at the present term thereof, without a jury and on the basis of an agreed statement of the facts; plaintiff appearing by its attorney, T. H. Skemp; defendant appearing by its attorney, Charles H. Cashin, United States Attorney for the Western District of Wisconsin, and the Court having considered the agreed statement of the facts, the arguments and briefs of counsel, and being fully advised in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The Avalon Amusement Corporation has existed for over 19 years and during its existence has had as its sole business the conduct and operation of the Avalon Ballroom in the City of La Crosse.

2. The sole place of business of the Avalon Amusement Corporation is a building and grounds located at the intersection of Copeland Avenue and Monitor Street in the City of La Crosse; the building is known as the Avalon Ballroom and contains a dance floor 90 feet long and 63 feet wide.

3. In addition to the dance floor there is a stage which is used by the orchestra furnishing music; a check room for the checking of the patrons' clothes; and, along the south wall, two rows of booths which contain seating space for 88 people which are used by the patrons during the time that dances are held.

4. Provision is made in the Avalon Ballroom for the use of extra tables in the south and southeast part of the building when the patronage of a dance is large so as to accommodate those who wish to occupy reserved seats for themselves and the members of their party.

5. In the southwest corner of the building is a barroom which is 13 feet wide and 39½ feet long; the only commodities sold in this room are beer, soft drinks and confections.

6. On the nights when dances are being held in the ballroom, the barroom is open to patrons at 7:30 p. m. and continuously thereafter until the ballroom is closed; orchestra music for dancing begins at 9:00 p. m.; the barroom is adjacent to and connected with the dance floor but is not an integral part of it.

7. A waitress is available from whom drinks may be ordered by patrons seated at the tables or booths.

8. At no time are meals or sandwiches sold in any part of the building while dancing is being conducted or at any other time.

9. A charge of 10 cents is made for the use of the checkroom facilities; the checkroom is operated by employes of the Avalon Amusement Corporation who are on a salary basis and the receipts are turned over to the Corporation; the taxpayer has always made and collected a 10 cent charge for this service.

10. The dance floor and stage are infrequently rented for athletic events such as the conduct of boxing matches, wrestling matches, and for moving pictures of football contests for the entertainment of high school and college groups.

11. The music furnished for dancing is the music of dance orchestras, which furnish old time and modern music, and the incidental entertainment which frequently accompanies such dance orchestras; no entertainment distinct or apart from the orchestra entertainment is ever furnished by the management during the conduct of a dance.

12. In the conduct of its business, the Avalon Amusement Corporation has held itself out and has advertised solely the business of conducting a dance hall and has never held itself out as a dispenser of meals, foods or any other type of entertainment.

13. The above findings are applicable to the operations of the Avalon Amusement Corporation during the month of January, 1946, during a substantial period preceding the month of January, 1946, and during the period subsequent thereto.

### Conclusions of Law

1. This Court has jurisdiction of the parties hereto and the subject matter thereof.

2. The Avalon Ballroom conducted and operated by the plaintiff corporation is a "roof garden, cabaret, or other similar place", within the meaning of Section 1700(e) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1700(e).

3. The checkroom service provided by the plaintiff corporation at the Avalon Ballroom is a taxable service within the meaning of Section 1700(e) of the Internal Revenue Code.

4. The amounts paid by the patrons for checking their clothes were amounts paid for service, within the meaning of Section 1700(e) of the Internal Revenue Code, and the tax imposed on such amounts was a valid and proper charge.

5. The defendant is entitled to judgment dismissing the plaintiff's complaint.

Let judgment be entered accordingly.