## BALDWINSON et al. v. UNITED STATES.

### No. 1064.

United States District Court,
W. D. Washington, S. D.

Oct. 6, 1948.

Neal, Bonneville & Hughes, of Tacoma, Wash., for plaintiffs.

J. Charles Dennis, U. S. Atty., of Tacoma, Wash., and Thomas R. Winter, Sp. Asst. to the Chief Counsel, Bureau of Internal Revenue, of Seattle, Wash., for defendant.

LEAVY, District Judge.

Plaintiffs herein have filed an action for the recovery of taxes paid under protest during two periods of time: July 1, 1945, to December 31, 1945; and January 1, 1946, to August 31, 1946. The taxes were levied under the provisions of section 1700 (e) (1) of the Internal Revenue Code, as amended by section 622 of the Revenue Act of 1942, 26 U.S.C.A. § 1700(e) (1).

The defendant moved to dismiss the complaint on the ground and for the reason that the facts, as pleaded by the plaintiffs, do not entitle them to the relief they seek. Upon presentation of the motion to dismiss, the plaintiffs sought, and were granted, permission to file an amended complaint.

The defendant has renewed its motion to dismiss on the same ground and for the same reason.

The facts, as alleged by the plaintiffs in their amended complaint, are:

That from July 1, 1945, to August 31, 1946, which period of time includes both causes of action, the plaintiffs served beer and wine and sold other merchandise to their customers in their place of business, which was known and designated as "Baldy's Tavern"; that the tavern consisted of a single large storeroom with booths situated along two sides and a bar on the third side;

That a mechanical music playing device, commonly known as a juke box, was located on the fourth side of the space which constituted the dance floor; that the juke box was not the property of the plaintiffs, but was owned by a third-party corporation, which corporation paid to the plaintiffs approximately one half of the income from such device for the privilege of maintaining the instrument on their premises; that between the hours of 9:00 a. m. and 12:00 p. m., on the nights of Wednesday, Friday, and Saturday of each week, during the period herein involved, the patrons danced to music furnished by the coin-operated juke box. The dance floor consisted of a space approximately 13 feet wide and 20 feet long; that the only music furnished was from the juke box, which was operated by the patrons by inserting their own nickels and at their own expense; that the plaintiffs inserted no nickels in the juke box to furnish music for the entertainment of the patrons during such times or period and no other type of music was supplied by the plaintiffs;

That the patrons at plaintiffs' tavern were charged no admission and there was no cover charge collected at any time; that the patrons paid only for such beer and wine as was served them on the premises; and that the prices charged for beer and wine were not increased during any period the tavern was open for business, whether or not dancing was allowed.

Since this matter comes on for hearing on defendant's motion to dismiss, the facts as alleged by the plaintiffs are accepted by the Court, and there is no issue of fact left for determination, the sole issue being one of law.

It will serve no useful purpose to examine in detail the earlier congressional enactments covering the subject matter here in controversy, nor can we look to the earlier judicial decisions involving the legislative enactments or treasury regulations. We must confine ourselves to the law as it existed during the period in question. We will also need to examine the Treasury Regulation effective for the enforcement of this provision.

The law, as it existed during the time involved herein, 26 U.S.C.A. § 1700(e) (1), and which appears in the Internal Revenue Code as section 622 of the Act of 1942, provides, among other things:

"The term 'roof garden, cabaret, *or other similar place*' shall include any room in any hotel, restaurant, hall, *or other public place where music and dancing privileges* or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. A performance shall be regarded as being furnished for profit for purposes of this section *even though the charge made for admission, refreshment, service, or merchandise is not increased* by reason of the furnishing of such performance." (Italics mine.)

The Treasury Regulation effective for the enforcement of this provision is T. R. 43 (1941 ed.), section 101.14, as amended by T.D. 5192, 1942-2 Cum.Bull. 249, 250, entitled "Scope of Tax." It provides:

"*Where music, whether by an orchestra, a mechanical device or otherwise, and a space in which the patrons may dance is furnished* in the dining room of a hotel, or in a restaurant, bar, etc., the entertainment constitutes a *public performance* for profit at a roof garden, cabaret, or similar place, and the payments made for admission, *refreshment, service, and merchandise* are subject to the tax." (Italics mine.)

The plaintiffs attack the Regulation on the ground that it is legislative rather than interpretative, and they rely on the cases of United States v. Broadmoor Hotel Co.,

D.C.Colo.1929, 30 F.2d 440; Busey v. Deshler Hotel Co., 6 Cir., 1942, 130 F.2d 187, 142 A.L.R. 563, affirming D.C., 36 F. Supp. 392; Schuster's Wholesale Produce Co., Inc., v. United States, D.C., La.1943, 49 F.Supp. 909. (A later case from this Circuit, holding to the same effect, and relying upon the Busey and the Schuster cases, supra, is Sir Francis Drake Hotel Co. v. United States, D.C.Cal.1947, 75 F.Supp. 668.)

An examination of these cases reveals that they deal with taxes levied prior to the effective date of the Revenue Act of 1942, and they are not controlling or a precedent in this controversy. They all concern themselves with original Treasury Regulation 101.14, and hold, in effect, that the Regulation was legislative in its nature rather than interpretative, and, therefore, did not apply.

Congress, in passing the Revenue Act of 1942, overcame the objections to the Regulation by enacting the substance of the Regulation into law and furnishing a legislative definition of places where liability for taxes would arise, as well as a definition of when a performance should be regarded as being furnished for profit. It also eliminated the charge for admission. The effective Treasury Regulation does nothing more than amplify, clarify, and furnish a practical interpretation of the statute, which by some may be considered ambiguous or doubtful. It is not legislative in its nature and must be given application to the situation we have here presented.

The Supreme Court of the United States. in Brewster v. Gage, 1930, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457, supports the foregoing statement. That case is also authority for the conclusion that Congress, by the enactment of the 1942 Revenue Act, sought to offset the effect of judicial interpretation of the earlier revenue laws and regulations, the Court saying, 280 U.S. at page 337, 50 S.Ct. at page 118, 74 L.Ed. 457:

"The deliberate selection of language so differing from that used in the earlier acts indicates that a change of law was intended."

The plaintiffs, in their amended complaint, further contend that they did not furnish music for dancing privileges, because, first, they were not the owners of the instrumentality used to furnish the music; and, second, the instrumentality was only brought into play by the act of the patron himself by his depositing the coin that produced the music.

It is admitted by the pleadings that the plaintiffs permitted the installation of the juke box, shared in the receipts therefrom, and furnished the place where the dancing occurred, thus bringing themselves clearly within the language of amended Treasury Regulation 101.14.

This case is not one of first impression interpreting the Revenue Act of 1942. We have a case, cited in the defendant's brief, of Rogers v. Sturat, D.C. Ariz., 80 F.Supp. 436, where the facts are almost identical with those we have here, which holds there is liability for the tax. While this is a district court case, and is not necessarily controlling as a precedent, still it is entitled to great consideration. There is, however, another late case that deals with the law here under consideration: Avalon Amusement Corporation v. United States, 7 Cir., 1948, 165 F.2d 653, affirming D.C., 73 F.Supp. 328. This case, coming from a court of appeals, is, I feel, controlling in the situation here presented, and must be accepted as a precedent. The Court there says, 165 F.2d at page 655:

"The provision of the statute under consideration became effective in its present form October 21, 1942. * * * It is not free from ambiguity. Since the statute is ambiguous in its definition of a 'roof garden, cabaret, or other similar place' and does not attempt to define a 'public performance,' it was a proper subject for an interpretative regulation. * * * *This regulation is in accordance with our understanding of the statute and is valid."* (Italics mine.)

I consider the pronouncement made in the Avalon case as authority and determinative of the issue here raised, and therefore grant the motion of the defendant to dismiss. An appropriate order may be submitted, allowing exceptions to the plaintiffs.