**In the Matter of Lawrence Leo DUFFIN, Debtor,**

and

**In the Matter of Elizabeth Martha DUFFIN, Debtor.**

**Nos. 67864, 67865.**

United States District Court
S. D. California, Central Division.
Feb. 16, 1956.

William J. Tiernan, Los Angeles, Cal., for debtors.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief Tax Division, Eugene Harpole, Los Angeles, Cal., and Godfrey L. Munter, Jr., Washington, D. C., Attys. Internal Revenue Service, for District Director of Internal Revenue.

JAMES M. CARTER, District Judge.

This matter is a review of a tax determination made by the referee in bankruptcy. The referee found that petitioners operated an establishment selling individual servings of liquor during the period in question; that the lattice-work partition dividing the bar area and the dance area could be seen through; that the partition was open at either end so that one might pass from one area to the other; that patrons in the bar area could witness the dancing and could and did participate in the dancing; that at times when the musicians were not actually performing, the dance floor and juke box were available for the entertainment of the patrons of the establishment; that between the hours of 8:00 P. M. and 2:00 A. M. the establishment maintained or furnished a public performance for profit at which all patrons of the place were entitled to be present whether they were seated in the bar area or in the dance area.

The district court is not at liberty to disregard the referee's findings where they have sufficient support in the evidence, and the findings of the referee will not be overturned unless they are clearly erroneous. Ott v. Thurston, 9 Cir., 1935, 76 F.2d 368; Powell v. Wumkes, 9 Cir., 1944, 142 F.2d 4; In re F. P. Newport Corp., D.C.Cal.1954, 123 F.Supp. 95.

Petitioners argue that their testimony regarding the privilege to use the dance area—by the bar patrons and during the hours that the band was not present—was uncontradicted and that the findings of the referee contrary to such testimony are erroneous. The proposition that where a witness' testimony is not contradicted, the trier of fact has no right to refuse to accept it, is erroneous. If the testimony lacked credibility it was not proof, even if uncontradicted. N. L. R. B. v. Howell Chevrolet Co., 9 Cir., 1953, 204 F.2d 79; Quon v. Niagara Fire Ins. Co. of N. Y., 9 Cir., 1951, 190 F.2d 257; Herbert v. Riddell, D.C.Cal. 1952, 103 F.Supp. 369. Furthermore such testimony may satisfy the trier of fact not only that the witness' testimony is not true, but that the truth is the opposite of his story, N. L. R. B. v. Howell Chevrolet Co., supra. The referee had the opportunity to observe the manner and demeanor of the witness. Furthermore the physical arrangement of the premises and the lack of visible notices not to use the dancing area was evidence giving support to the referee's findings.

Petitioners' contention that the establishment in question falls within the "ballroom" exception to the cabaret tax is without merit. The period of time in question falls within the operation of both the 1939 and 1954 Internal Revenue Code, 26 U.S.C.A. Section 1700 (e) of the Internal Revenue Code of 1939 and Section 4231(6) of the Internal Revenue Code of 1954 are proper subjects

for an interpretative regulation. Avalon Amusement Corporation v. United States, 7 Cir., 1948, 165 F.2d 653; Baldwinson v. United States, D.C.Wash.1948, 80 F.Supp. 687.

Treas.Reg. § 101.14 provides in part that:

"* * * after 10 A. M. November 1, 1951, such term (roof garden, cabaret, or other similar place) does not include any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, unless such place would otherwise be considered as a roof garden, cabaret, or other similar place. The exception with respect to ballrooms, dance halls, or other similar places, applies only to such of those establishments which are operated primarily to furnish music and dancing privileges and where the serving or selling of food, refreshment, or merchandise constitutes in fact an incidental or subsidiary service in relation to the furnishing of music and dancing privileges."

The evidence is indicative of the fact that petitioners' place of business was not operated primarily for dancing but rather for the sale of food and refreshments, revenue being derived solely from such sales.

Petitioners, furthermore, contend that the receipts from the bar room sales should not be subject to the cabaret tax in that the bar room was separate from the dance room.

Treas.Reg. § 101.14 provides that "amounts paid for refreshment, service, or merchandise in a room which is entirely separate from the room in which entertainment is furnished are not subject to tax, provided that the patrons in such separate room may not witness the entertainment and any door in the wall or partition separating the two rooms remains closed during the period of the entertainment except when persons pass from one room to the other."

■ A physical division between two rooms, so constructed, as here, as to create for the patrons of both rooms the feeling of oneness does not fall within the exception as set forth in the regulation. The regulation, rather, has in mind a physical separation giving a true impression of separateness. See Stradley v. Glenn, D.C.Ky.1951, 95 F.Supp. 270; McKenzie v. Maloney, D.C.Or.1946, 71 F.Supp. 691.

■■ The opportunity for the bar patrons in one room to observe the dancing and listen to the music in another brings such bar room outside the "separate room" exception and directly within the proviso of the regulation. In addition, where the entertainment consists of dancing privileges, an extension of such privilege to the patrons of a separate room is the equivalent of allowing them to witness the entertainment.

■ Petitioners finally contend that at most their establishment constituted a "roof garden, cabaret, or other similar place" only during the hours of 9:00—1:00, when the band was on the premises. The referee found that dancing to the music of a juke box was permitted between the hours of 8–9 P.M. and 1–2 A.M. "The term 'roof garden, cabaret, or other similar place', shall include any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, *except instrumental or mechanical music alone,* are afforded the patrons * * *". [Emphasis supplied.] I.R. Code of 1939 § 1700(e) (1); Int.Rev. Code of 1954, § 4232(b); Treas.Reg. § 101.14; Baldwinson v. United States, D.C.Wash.1948, 80 F.Supp. 687; Rogers v. Stuart, D.C.Ariz.1945, 80 F.Supp. 436.

The findings of fact, conclusions of law and order made by the referee herein are hereby affirmed.